IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOM OLSEN, pro se,

    Plaintiff,

vs.                                                           No. CIV 01-563 MV/RLP

PAUL MAPES, ROBERT BABCOCK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's *pro se* "Notice of Motion, Motion for Pre-Hearing; Issuing Protective Order; Injunctive Relief; Temporary Restraining Order," filed November 29, 2001 **[Doc. No. 6],** and on his second such motion, entitled "Notice of Motion and Motion for Renewed Request for Expedited Hearing on the Merits; Request for Protective Order," **[Doc. No. 7].** For the following reasons, the Plaintiff's Motions are **DENIED** without prejudice. Thus, Plaintiff's Motion to Extend Page Limit **[Doc. No. 8]** is also **DENIED**, as moot. Plaintiff is given ninety (90) days to amend the pleadings as discussed below.

### BACKGROUND

Plaintiff Tom Olsen, *pro se,* receives worker's compensation due to a disabling injury which occurred during his service in a Navy shipyard in 1978. After falling some 17-30 feet into the hull of a ship, he fractured both ankles, suffered internal derangement of his left knee, and underwent numerous surgeries. He also claims to suffer from conditions which allegedly arise from his frequent contact with toxic waste and carcinogens, such as radioactive waste from nuclear submarines. Since 1978, Plaintiff developed a thyroid condition, as well as other health

complications, and now suffers from morbid obesity to such a degree that he is bedridden, homebound, and under hospice care.

Although it is not entirely clear from Plaintiff's motions and pleadings, it appears that in order to receive continued worker's compensation, Plaintiff is required to produce medical records to prove that his inability to resume employment was initially caused by an injury incurred within the scope of his employment. This request was made by Judge Paul Mapes, the Administrative Law Judge who presided over Plaintiff's hearings in California. However, Plaintiff claims that this request, and several other requests made by Judge Mapes, have been made to harass Plaintiff and to retaliate against him for seeking Judge Mapes' recusal from his case.

Specifically, Plaintiff alleges that his medical condition prevents him from retrieving these files, and that files possibly containing the necessary evidence are inaccessible. Specifically, he states that the files may be within boxes that are unobtainable due to a toxic mold and fungi infestation which led to condemnation proceedings on Olsen's home. There is some dispute as to whether Olsen's wife would be able to retrieve or locate these files; Plaintiff argues that since the government seeks to take away his benefits, it is their burden to locate the medical records that might disprove the origins of Olsen's present medical condition and his consequent inability to maintain employment.

It is unclear from Plaintiff's motion as to what relief he seeks from this Court. His motions do not alleged that he is in immediate danger of losing his benefits, or that such a loss would lead to irreparable injury. Possibly, Plaintiff is asking that this Court enjoin the Defendants from allegedly harassing him in the proceedings of the underlying case. However, it is unclear as to whether the medical files are indeed necessary for determination of the underlying case, and whether a *Guardian Ad Litem* could be appointed in order to retrieve the necessary documents

for Plaintiff.

## **DISCUSSION**

Plaintiff's motions will be denied on two separate grounds. First, the Court advises Plaintiff to carefully read and comply with the Federal Rule of Civil Procedure with regard to the proper method of service of process. Specifically, Plaintiff is required to follow FED. R. CIV. P. 4(i) when serving Officers of the United States (which includes Judicial Officers and U.S. Attorneys). Plaintiff's service of process was inadequate, as it failed to specify which method of service was used and listed several possible methods of service, such as U.S. mail and/or Federal Express. Furthermore, service must be completed either by certified mail or in person when serving a U.S. Attorney under FED. R. CIV. P. 4(i).

Next, Plaintiff's motions fail to allege sufficient facts to meet the test for a Temporary Restraining Order or a Preliminary Injunction. If and when Plaintiff files a Motion for Preliminary Injunction or a Temporary Restraining Order in the future, the motion should be structured as to meet the four part test as set forth by Tenth Circuit law. A District Court may grant a temporary restraining order or a preliminary injunction if the moving party shows: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citing *Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir.1992)). "Because a [TRO or] preliminary injunction is an 'extraordinary remedy' . . . the right to relief

must be clear and unequivocal." *Id.* at 1543 (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

A plaintiff suffers irreparable injury when the Court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain. *Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001) (citing *Tri-State Generation & Transmission Assoc., Inc., v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1354 (10th Cir. 1989)). "When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Id.* (citing 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed.1995)).

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for "Notice of Motion, Motion for Pre-Hearing; Issuing Protective Order; Injunctive Relief; Temporary Restraining Order" **[Doc. No. 6]** and "Notice of Motion and Motion for Renewed Request for Expedited Hearing on the Merits; Request for Protective Order," **[Doc. No. 7]** are hereby **DENIED WITHOUT PREJUDICE.** Plaintiff is given ninety (90) days to amend the Motion and to execute proper service in this matter. Plaintiff's Motion to Extend Page Limit **[Doc. No. 8]** is **DENIED AS MOOT**.

SO ORDERED, this 18th day of December, 2001, in Santa Fe, New Mexico.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiffs
Pro Se

Attorney for Defendants
Jocelyn Burton
Norman Bay