IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TOM OLSEN, NAOMI OLSEN**,

      Plaintiff,

vs.                                                                                        No. **CIV-01-563 MCA/RLP**

**PAUL MAPES**, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court pursuant to *Defendant Paul Mapes' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), or, in the Alternative, for a Change of Venue Pursuant to 28 U.S.C. § 1402(b)* [Doc. No. 45] filed on November 7, 2003. Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that *in personam* jurisdiction over Defendant Mapes is lacking and that the requirements for a change of venue are not satisfied. Accordingly, Defendant Mapes' motion to dismiss is granted, and Plaintiffs' claims against Defendant Mapes are dismissed without prejudice for lack of personal jurisdiction.

**I.    BACKGROUND**

This history of this action is recounted in Olsen v. Mapes, 333 F.3d 1199 (10th Cir. 2003). On remand, the Tenth Circuit directed this Court to "ensure that service is perfected on Defendant Mapes by the U.S. Marshal in accordance with Rule 4(i) as ordered by

Magistrate Judge Smith." Id. at 1204. The Tenth Circuit also directed this Court to consider whether it will grant Plaintiffs leave to amend their complaint.[1]

After the Tenth Circuit issued its opinion, Plaintiff Tom Olsen contacted the Court's staff by telephone and advised that he had moved to a new address in California and that the receipt of his mail had been delayed as a result.[2] The Court then held a status conference, at which Plaintiffs were permitted to appear telephonically, to address the matters which remained pending on remand. At the status conference, the Court reaffirmed its prior order dismissing Defendant Robert Babcock for lack of personal jurisdiction and directed the staff of the Clerk of the Court to prepare the paperwork to effect service of process on Defendant Mapes, which was subsequently completed. [Doc. No. 37, 38, 40, 41, 42, 43, 44.] Defendant Mapes then filed the motion which is the subject of this *Memorandum Opinion and Order*.

## II.    ANALYSIS

When, as here, a Court rules on a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1091 (10th Cir. 1998). Under this standard,

---

[1] The claims alleged in the *Second Amended Complaint* against another defendant, the New Mexico Board of Pharmacy, will be addressed separately in an *Order to Show Cause*.

[2] Plaintiff Tom Olsen later confirmed Plaintiffs' new California address on the record at the status conference and listed this address in his response to Defendant Mapes' motion. [Doc. No. 40, 48.]

Plaintiffs bear the burden of "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over" Defendant Mapes. Id. If Plaintiffs meet this burden, then, "[i]n order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

The State of New Mexico's "long arm" statute, N.M. Stat. Ann. § 38-1-16(A) (Michie 1978 & Supp. 1998), "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." Tercero v. Roman Catholic Diocese of Norwich, Conn., 2002-NMSC-018, ¶ 6, 132 N.M. 312, 48 P.3d 50. Thus, the dispositive question in this case is whether a New Mexico court's exercise of personal jurisdiction over Defendant Mapes is consistent with the constitutional requirement of due process. See id. ¶ 7.

To comport with due process, a court's exercise of personal jurisdiction over a nonresident defendant is proper only "if minimum contacts exist between the defendant and the forum state such that maintenance of the lawsuit would not offend 'traditional notions of fair play and substantial justice.'" Doering v. Copper Mountain, Inc., 259 F.3d 1202, 1210 (10th Cir.2001) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980)). The minimum contacts required to meet this standard may be general or specific. A court may exercise general jurisdiction if the defendant's contacts with the forum state are "continuous and systematic," as when a defendant routinely solicits or holds itself out as doing business in the forum state through a local office, agents, and advertisements.

See id. "[A] court may exercise specific jurisdiction over a defendant if it purposefully directs activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Id.

In this case, Plaintiffs' submissions are wholly insufficient to show the type of continuous and systematic contacts with the State of New Mexico that would warrant an exercise of general jurisdiction over Defendant Mapes by this Court. Thus, Plaintiffs' choice of forum must rest on a prima facie showing that the requirements for an exercise of specific jurisdiction have been satisfied with respect to this Defendant. The Court concludes that Plaintiffs has failed to make such a prima facie showing.

Specific jurisdiction contains two requirements. See OMI Holdings, Inc., 149 F.3d at 1091. First, a plaintiff must show that "the defendant purposefully directed its activities at residents of the forum," Doering, 149 F.3d at 1091, such that the defendant "should reasonably anticipate being haled into court there," World-Wide Volkswagen Corp., 444 U.S. at 297. In this context, a purposeful availment of the forum state does not simply mean that a defendant intentionally contacted a person who happened to be residing in New Mexico. Rather, the focus is on whether the transaction at issue amounts to a purposeful decision by Defendant Mapes "to participate in the local economy and to avail [himself] of the benefits and protections of New Mexico law." FDIC v. Hiatt, 117 N.M. 461, 464, 872 P.2d 879, 882 (1994).

The second requirement for specific jurisdiction is that the forum state's exercise of personal jurisdiction over the defendant must be fair and reasonable "in light of the

circumstances surrounding the case." OMI Holdings, Inc., 149 F.3d at 1091. Determining whether this requirement is satisfied entails consideration of several factors, including the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiffs' interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. See Burger King Corp., 471 U.S. at 477.

The two requirements for specific jurisdiction described above are interrelated, such that "'the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction.'" OMI Holdings, Inc., 149 F.3d at 1092 (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994)). Conversely, "an especially strong showing of reasonableness may serve to fortify a borderline showing of" minimum contacts. Alioto, 26 F.3d at 210.

In this case, Plaintiffs' showing of minimum contacts is quite weak. Defendant Mapes does not live or work in New Mexico, has not conducted any of the proceedings here, and there is no evidence that he purposefully chose New Mexico as the forum for any of his contacts with Plaintiffs. Rather, the pleadings and evidence of record indicate that Defendant Mapes contacted Plaintiffs in response to proceedings they initiated in the State of California. It was merely fortuitous that Plaintiffs happened to be staying in New Mexico when some of their contacts with Defendant Mapes occurred. Cf. Burger King Corp., 471

U.S. at 475 (noting that random, fortuitous, or attenuated contacts are not sufficient to justify an exercise of jurisdiction in this context).

A showing of "minimum contacts" cannot rest solely on Plaintiffs' own actions in seeking out contact with Defendant Mapes. See id. at 478 (noting that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts); OMI Holdings, Inc., 149 F.3d at 1092 (noting that the "minimum contacts" necessary to establish personal jurisdiction over a non-resident defendant do not include "the unilateral acts of someone other than the defendant"). In this case, the proceedings in which Defendant Mapes presided arose in California, and the mere fact that Defendant Mapes engaged in written or telephonic communications with Plaintiffs or other persons while they were in New Mexico is not dispositive. See DeVenzeio v. Rucker, Clarkson & McCashin, 1996-NMCA-064, ¶ 10, 121 N.M. 807, 918 P.2d 723 ("Ordinarily, the use of mail and telephone services to contact a New Mexico resident from out of state is insufficient to satisfy the 'purposeful availment' prong of a minimum-contacts analysis.").

Having concluded that Plaintiffs' showing of minimum contacts is quite weak, Defendant Mapes is not required to make an especially strong showing of unreasonableness in order to defeat this Court's jurisdiction over him. See OMI Holdings, Inc., 149 F.3d at 1092. With regard to the reasonableness inquiry, the Court notes that Plaintiffs have not identified a strong interest of the forum state in adjudicating their dispute with Defendant Mapes, nor do they identify any fundamental substantive social policy that would be advanced by litigating their claims against him in New Mexico, or that would be thwarted

by litigating these claims elsewhere. There do not appear to be significant practical burdens and inconveniences of litigating Plaintiffs' claims against Defendant Mapes outside of New Mexico given that both Plaintiffs and Defendant Mapes appear to reside in California at this time, and retention of the case on this Court's docket does not appear necessary to bring about an efficient resolution of the controversy. Cf. Burger King Corp., 477 U.S. at 477 (listing factors to be considered in assessing the reasonableness and fairness of a forum state's exercise of personal jurisdiction over a non-resident defendant). Thus, Plaintiffs have not made a sufficiently strong showing as to the reasonableness of this Court's exercise of jurisdiction over Defendant Mapes to overcome their exceedingly weak showing as to minimum contacts. It follows that the constitutional prerequisites for this Court's exercise of personal jurisdiction over Defendant Mapes have not been satisfied in this case.

Given that Plaintiffs also are attempting to assert claims against the New Mexico Board of Pharmacy in this action, the presence of significant questions as to whether any federal district court would have subject-matter jurisdiction over Plaintiffs' claims against Defendant Mapes, and the absence of a clear and unequivocal showing of Plaintiffs' consent to such a transfer, the Court determines that a transfer of this action to another district is not in the interests of justice. See generally 28 U.S.C. §§ 1404, 1631 (stating requirements for transfer or change of venue). Thus, the Court's determination that it lacks personal jurisdiction over Defendant Mapes will result in a dismissal of Plaintiffs' claims against Defendant Mapes without prejudice. See Fed. R. Civ. P. 41(b); Hollander v. Sandoz Pharm. Corp., 289 F.3d 1193, 1216 (10th Cir.), cert. denied, 123 S. Ct. 697 (2002).

**III.     CONCLUSION**

For the foregoing reasons, this Court lacks personal jurisdiction over Defendant Mapes, and therefore Plaintiffs' claims against Defendant Mapes are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that *Defendant Paul Mapes' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)* [Doc. No. 45] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Mapes are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**SO ORDERED**, this 20th day of January, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge